# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JAMES R. ROSENBERGER, BAR NO. 1047.

No. 73242

**FILED**

JAN 0 5 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney James Rosenberger.

The conditional guilty plea agreement concerns conduct addressed in a formal disciplinary complaint and two grievances that were pending screening before the disciplinary board, and an unresolved condition of probation from a 2015 disciplinary order. As to the complaint, Rosenberger admitted that he violated RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 3.4(c) (fairness to opposing party and counsel), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct) by misappropriating for personal and business use a $5,000 retainer that a client gave him for the purpose of paying expert witness fees in the client's divorce case, ignoring the client's new attorney's requests to turn over the client file and the funds and to provide an accounting, failing

18- 00635

to comply with a court order directing him to turn over the file and pay the funds to the expert, overdrawing his trust account, and failing to respond to the State Bar's letters and email inquiring about the matter.

As to the first pending grievance, Rosenberger admitted to violating RPC 5.5 (unauthorized practice of law) and RPC 8.1 (bar admission and disciplinary matters) by continuing to represent clients after his December 2016 administrative suspension for noncompliance with continuing legal education requirements and by failing to adequately respond to the State Bar's inquiry letters. As to the second pending grievance, Rosenberger admitted to violating RPC 1.15 (safekeeping property) and RPC 1.3 (diligence) by misappropriating for personal and business use a $20,000 judgment deposit that was released to him after successfully resolving his client's case, without providing the client a bill for services, and by failing to respond to the client's numerous requests for a status on collection efforts. As to the probation violation, Rosenberger admitted that he failed to pay or otherwise resolve any judgment still owing in a district court case, which was a condition of the stayed suspension and probation this court imposed in a September 2015 disciplinary order.

In exchange for his guilty plea, Rosenberger and the State Bar agreed to a 1-year suspension and conditions that Rosenberger pay $5,000 in restitution to the client named in the complaint, and $20,000 in restitution to the client named in the second grievance less verifiable sums owed for work performed, as approved by the State Bar; pay the disciplinary proceeding costs; and pay the amount necessary to resolve any outstanding judgment, as previously ordered by this court. As Rosenberger admitted to the violations as part of the plea agreement, the issue for this court is

whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining the appropriate discipline, this court weighs four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Rosenberger violated duties owed to his clients (two violations of safekeeping property and one violation each of communication and diligence) and the profession (failing to respond to disciplinary authority's lawful requests for information, unauthorized practice of law while administratively suspended, failing to respond to new counsel, and failing to comply with court orders and rules). Rosenberger admitted and the record supports that he acted (1) with intent in misappropriating for personal and business use the $5,000 client retainer and in failing to resolve the outstanding judgment as required by the September 2015 order, and (2) with knowledge in failing to communicate with clients and act with diligence in responding to requests for information. In the absence of aggravating and mitigating circumstances, suspension is the appropriate sanction for such violations. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards,* Standard 4.12 (Am. Bar Ass'n 2015) (suspension is appropriate when a lawyer knows that he is dealing improperly with client property and causes injury to the client); Standard 4.42(a) (suspension is the baseline sanction when a lawyer "knowingly fails to perform services for a client and causes injury or potential injury to a client"); Standard 7.2 (recommending suspension when

Supreme Court
of
Nevada

(O) 1947A

3

a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system").

The length of the suspension depends on the number of violations, the degree of injury, and the nature of the aggravation and mitigation. We conclude that the agreed-upon one-year suspension is appropriate, considering that Rosenberger's conduct resulted in harm to his clients and to the integrity of the legal profession, and considering and weighing the aggravating factors: prior misconduct, dishonest or selfish motive, pattern of misconduct, bad faith obstruction of the disciplinary proceeding, and substantial experience in the practice of law, and the mitigating factors: personal or emotional problems, remorse, character and reputation, and mental disability or chemical dependency supported by medical evidence, which shows his efforts to address those issues and the impact they have had on his legal practice.

We approve the guilty plea agreement, and hereby suspend attorney James R. Rosenberger from the practice of law for a period of one year, to be served concurrently with the remainder of the suspension imposed in Docket No. 71413, such that Rosenberger's concurrent suspension ends one year from the date of this order. Within 60 days from the date of this order, Rosenberger must pay $5,000 in restitution to the client named in the complaint and $20,000 in restitution to the client named in the grievance, less verifiable sums owed for work performed, which sums must be approved by the State Bar. Within 30 days from the date of this order, Rosenberger must pay $2,500 in costs, the actual cost of the

disciplinary hearing transcript, and other hard costs incurred through the investigation. *See* SCR 120.

It is so ORDERED.



_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich

HARDESTY, J., concurring in part and dissenting in part:

I concur with the majority that a one-year suspension is appropriate, however, I dissent from the majority's decision to run the suspension concurrently with the suspension imposed in Docket No. 71413. In my view, a consecutive one-year term of suspension would serve the purpose of attorney discipline under the circumstances and considering the

harm to clients and the profession resulting from Rosenberger's misconduct in this matter and his disciplinary history for similar rule violations. Accordingly, I would order the suspension to run consecutive to the suspension currently in effect under Docket No. 71413.

_____, J.
Hardesty

cc:   Chair, Southern Nevada Disciplinary Board
      Pico Rosenberger
      C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court